NIEMAN ET AL. *v.* BOARD OF EDUCATION OF ELMORE-
    HARRIS SCHOOL DIST.
NIEMAN ET AL. *v.* BOARD OF EDUCATION OF ELMORE-
    HARRIS SCHOOL DIST.

*Eminent domain—Right granted by constitution and statutes
    when compensation paid or secured—Appropriation of
    private property for school purposes—Appeal lies from
    probate to common pleas court—Sections 3696 and 7624,
    General Code—Statutes in pari materia—Remedial statute
    liberally construed.*

1. Right to appropriate land and take possession of private
   property is granted under constitution and statutes, when
   value thereof is determined by jury and amount paid
   or secured.
2. Under Section 3696, party interested may appeal to court
   of common pleas, and proceed therein as if application
   had been originally made there.
3. Sections 3696 and 7624, General Code, providing for ap-
   propriation of land by school boards and appeals by
   parties interested from proceedings in probate court to
   court of common pleas, should be construed together.
4. Section 7624, General Code, providing for appropriation
   of land by school boards, being of a remedial nature, must
   be construed liberally.

(Decided June 26, 1925.)

APPEAL: Court of Appeals for Ottawa county.

ERROR:   Court of Appeals for Ottawa county.

*Messrs. Taber, Chittenden, Northup & Daniells,*
and *Messrs. True & Crawford,* for plaintiffs.
*Messrs. Stahl & Price,* and *Messrs. Graves &
Duff,* for defendant.

YOUNG, J.  These cases come into this court on appeal and on error from the court of common pleas of this county, and will be disposed of together.  The board of education of the Elmore-Harris school district of Ottawa county, Ohio, brought an action in the probate court against Henry W. Nieman and Delia Nieman for the purpose of appropriating seven acres of land of which the Niemans were the owners, to be used for school purposes.  Upon trial of the case before the court and jury, a verdict of $5,100 was returned in favor of the owners of the property.  The board of education, thereupon paid into court the amount assessed as compensation in accordance with the verdict of the jury and proceeded to take possession.  To this judgment the defendants below appealed to the court of common pleas.  The board of education thereupon filed a motion to dismiss the appeal and the same was overruled.  At a subsequent term, however, the court, over the objections and exceptions of the Niemans, vacated the judgment overruling the motion, and entered a judgment sustaining the motion and dismissing the appeal.  Error was then prosecuted to this finding and judgment, and an injunction brought to enjoin the board of education taking possession of said property pending the appeal.

Of course, there can be no question that the Constitution and the statutes of the state clearly grant the right to appropriate and take possession of private property by proper procedure when the value thereof is determined by a jury and the amount paid or secured.  The contention, however, is made by the board of education that the

right of appeal in the instant case does not lie, and that the statute giving a municipality the right to appropriate property is not applicable to a board of education, inasmuch as an election may be made by a municipal corporation as to the court in which to bring its action for such appropriation. Section 3696, General Code, which provides for the appropriation of lands by municipal corporations, reads as follows:

"If the proceeding is had in the probate court a party interested in the inquiry and assessment may take an appeal to the court of common pleas and thereupon the same proceedings shall be had as if the application had been originally made in that court, except that the corporation shall not be required to give notice of its application, and the inquiry and assessment shall be limited to the case of the party taking the appeal, and the court shall make such order for the payment of the costs accruing upon the appeal as seems equitable and just."

We quote, in connection therewith, Section 7624, General Code: "When it is necessary to procure or enlarge a school site, or to purchase real estate to be used for agricultural purposes, athletic field or playground for children, or for the purpose of erecting and maintaining buildings to be used as homes or houses for public school teachers, when the cost of such erection has been contributed by private donations or for the purpose of providing an outlet to dispose of sewage from a school building or grounds, and the board of education and the owner of the property needed for such purposes, are unable to agree upon the sale and purchase .

thereof, the board shall make an accurate plat and description of the parcel of land which it desires for such purposes, and file them with the probate judge, or court of insolvency of the proper county. Thereupon the same proceedings of appropriations shall be had which are provided for the appropriation of private property by municipal corporations.''

We are of the opinion that the latter section should be given a liberal construction, and that these two sections should be construed together. It seems to us that in the eyes of the law there is very little difference, if any at all, between the rights of a municipal corporation and the rights of a board of education in matters of this kind, as both are representatives of the people in the community in which they exist, and are legal bodies through which the community interests speak; and when proper legislation is passed, as provided by law, appropriation may be made and the legal way opened until there is a final adjudication of the issues involved.

Section 7624, being of a remedial nature, must be construed liberally, so as to afford all the relief within the power of the court which the language of the act indicates that the Legislature intended to grant. This applies to an individual, as well as a group or collection of individuals. A remedial statute has a further significance, namely, the giving to a party a mode of remedy where he had none, or a different one, before.

In 25 Ruling Case Law, at page 1060, we find the following: ''It is a fundamental rule of statutory construction that not only should the intention of

the lawmaker be deduced from a view of the whole statute and of its every material part, but statutes *in pari materia* should be construed together. This means that, for the purpose of learning and giving effect to the legislative intention, all statutes relating to the same subject are to be compared, even though some of them have expired, or been repealed, and, so far as still in force, so construed in reference to each other that effect may be given to all of the provisions of each, if that can be done by any fair and reasonable construction.''

We further quote from the same authority, at page 1077: ''Statutes must have a rational interpretation, to be collected not only from the words used, but from the policy which may be reasonably supposed to have dictated the enactment, and the interpretation should be rigorous or liberal, depending upon the interests with which it deals.''

In view of the above, the judgment of the court below in the error case should be reversed, and the cause remanded, with instructions to overrule the motion to dismiss the appeal, and for further proceedings. In the appealed case, No. 86 in this court, an injunction will be granted the plaintiff, as prayed for, effective until the final conclusion of the appropriation proceedings and the payment of the amount awarded.

*Decree and judgment accordingly.*

RICHARDS and WILLIAMS, JJ., concur.